UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAHMAN A. WHITAKER, | ) |
| Petitioner, | ) |
| vs. | ) No: 4:14CV01424HEA |
| IAN WALLACE, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. 1] on November 27, 2013. On May 12, 2013 Respondent filed his Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. 29]. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted, as will be discussed in further detail. Petitioner's Motion for Evidentiary Hearing, [Doc. 34], is therefore denied. For the reasons explained below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be denied.

## Procedural Background

Petitioner was charged in the Circuit Court of St. Louis County with burglary in the first degree, domestic assault in the second degree, forcible sodomy and armed criminal action. He was found not guilty of Burglary in the first degree. On March 28, 2012, he was convicted by a jury of domestic assault in the second degree, forcible sodomy, and armed criminal action. The Twenty-First Circuit Court trial court, on May 25, 2012, sentenced Petitioner to one year on the domestic assault in the second degree charge, twenty-five years on the forcible sodomy charge, and twenty-five years on the armed criminal action charge. The twenty-five year sentences were ordered to run concurrently with each other, but consecutively with the one year sentence. The aggregate sentence was twenty-six years in the Missouri Department of Corrections.

In his appeal the Petitioner alleged that the trial court: 1) erred by allowing the State to introduce evidence of a prior assault on A.V., 2) plainly erred by allowing Detective Chris Pollman to comment that he believed Whitaker was lying and that Whitaker had the necessary intent for burglary; and 3) erred in not allowing Whitaker to play two excerpts from the interview of A.V. to show that A.V. and Detective Carrie Brandt were lying about her demeanor during her interview and to show her actual demeanor.  The Missouri Court of Appeals, Eastern District of Missouri, affirmed his convictions finding he failed to preserve

either of the first two claims of error for appeal, thereby limiting the appellate court to plain error review. The Petitioner is currently within the custody of the Missouri Department of Corrections under the previously referenced sentences.

Petitioner filed his motion for post-conviction relief, pursuant to Rule 29.15. This filing, however, was after the deadline for the filing of such a motion. He did not appeal from the motion court's determination that he missed the deadline.

Petitioner filed this Petition for Writ of Habeas Corpus against Respondent on August 15, 2014. Petitioner alleges four claims which are the following: 1) the admission of evidence of his prior assaults on the victim was error; 2) admission of testimony by Detective Chris Pollman on Petitioner's credibility and the intent need for burglary was error; 3) the trial court erred in not allowing him to play two excerpts from the video tape of the interview of the victim; 4) the investigating police officers and the victim perjured themselves through their trial testimony.

## Procedural Default

A state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir.1997). Where a prisoner fails to present his claims through independent and adequate state procedures he, or she, has procedurally defaulted those claims. Federal habeas review of those claims is barred. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner did not raise Grounds 1, 2, or 3 in

his direct appeal or appeal from the denial of post-conviction relief. These are, without question, procedurally defaulted.

There are instances where a petitioner may overcome the procedural bar. These are where he may demonstrate legally sufficient cause for the default and actual prejudice resulting from it, or that the petitioner is probably actually innocent. *Coleman*, 501 U.S. at 750. A petitioner must show that an "external" impediment prevented him from presenting his claim to the state court in a procedurally proper manner in order to satisfy the "cause" requirement. *Id*. at 753. Petitioner here asserts that ineffective assistance of trial counsel is cause for his failure to exhaust his claims in state court. Ineffective assistance of trial counsel does not explain, or serve to legally excuse in any fashion, why he failed to raise his claims on his direct appeal or post-conviction proceedings. He is still in procedural default.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted

with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal

law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## Statute of Limitations

Congress provides a one-year window in which a habeas applicant can file a petition for writ of habeas corpus. That window opens at the conclusion of direct review. The window closes a year later. Failure to file within that one year

window requires the court to dismiss the petition for writ of habeas corpus. 28 U.S.C. §2244(d) (1) (A); *See Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir.), *cert. denied*, 540 U.S. 971 (2003).

## Discussion

Petitioner was convicted on March 28, 2012, and sentenced on May 25, 2012.  The Twenty-First Circuit Court for St. Louis County sentenced Petitioner to concurrent terms of imprisonment for twenty-five years on the offenses of forcible sodomy and armed criminal action, and one year consecutive on the offense of Domestic Assault second degree.  His convictions were affirmed by the Court of Appeals for the Eastern District of Missouri. Under *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-654 (2012) the judgment became final at the expiration of time for seeking direct review.

Petitioner did not timely file his motion for post-conviction relief under Rule 29.15 and the Twenty-First Circuit Court denied the motion.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) proscribes "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 132 S.Ct. 2148 (2012) (citing *Renico* v. *Lett*, 130 S.Ct. 1855, 1866 (2010)). AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the

> claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C §2254(d).

In Ground One of the petition he asserts that the trial court erred by allowing the State to introduce evidence of a prior assault on the victim by Petitioner. In Ground Two he asserts error allowing the testimony by Detective Christopher Pollman that he believed that Petitioner was lying during his interview and that the level of intent required for burglary is insignificant. Ground One and Two are clearly issues relating to the rules of evidence under state law. A finding that there was an error of state law does not authorize a federal court to grant a writ of habeas corpus. 28 U.S.C. § 2254; *Wilson v. Corcoran,* 131 S. Ct. 13, 16 (2010); *see also Poe v. Caspari,* 39 F.3d 204, 207 (8th Cir. 1994) (claim that, under state law, trial court lacked jurisdiction is not a basis for habeas relief). These claims are not cognizable here. Grounds One and Two will be denied dismissed.

Under 28 U.S.C. § 2254(d), this Court defers to the decision of the state court unless that decision was contrary to or involved an unreasonable application of federal law as determined by the United States Supreme Court, or involved an unreasonable determination of facts. Petitioner has failed to cite any decision by the United States Supreme Court on either Ground One or Ground Two in state

court, and does not identify any such decision in this Court. There is no allegation or demonstration of how the decision of the Missouri Court of Appeals was a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) and (2), as defined by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

In Ground Three Petitioner argues that he should have been allowed to play excerpts from the DVD of the victim's police interview as it related to her demeanor and credibility. As to Ground Four Petitioner attempts to successfully assert the victim and the police witnesses committed perjury in their testimony about their memory of the sequence of events and their perception of the victims demeanor.

On appeal, the Missouri Court of Appeals found, as to Ground Three, that, in light of the testimony acknowledging that the victim might have laughed during the parts of the interview that Petitioner wanted to play to show that she was laughing, there was no prejudice from the exclusion of the video. Trial counsel wanted to introduce two brief excerpts showing the victim laughing during a discussion of the oral sex and when wearing her clothes. As she testified, the victim indicated that there were periods during the interview when she laughed, but that the laughter was nervous laughter. Two detectives testified that the victim

laughed at certain periods and one testified that it was nervous laughter and not uncommon under such circumstances.

The state courts found that the proposed brief excerpts from victim's interview were cumulative to the testimony of the victim and two detectives. As such this court is required to defer to a state court's finding that an evidentiary error is harmless, and may only grant habeas relief if the evidence had substantial and injurious effect or influence in determining the jury's verdict. *Fry v. Pliler,* 551 U.S. 112 (2007); *Mitchell v. Esparza,* 540 U.S. 12 (2003).

Petitioner's Ground Four fails for much the same reason. The essence of his argument for this claim is that the jury should not have believed the victim due to certain discrepancies that he describes as perjury. In some ways Ground Four is a catchall ground. None of the evidence relative to this ground was heretofore presented. In addition, as noted by Respondent, the existence of contradictions between the testimony of different witnesses (or between trial testimony and prior statements) is not sufficient to show that the trial testimony is perjured. *U.S. v. Peterson,* 223 F.3d 756, 763 (8th Cir. 2000); *United States v. Jordan,* 150 F.3d 895, 900 (8th Cir. 1998). As such Ground Four is denied.

## Conclusion

The state courts' rulings with respect to Petitioner's prayer for relief were neither contrary to, nor unreasonable applications of, clearly established federal

law. In addition, Petitioner has procedurally defaulted claims One, Two, and Four. Thus, Petitioner is not entitled to any relief.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among

jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786. Hence, no certificate of appealability will be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **denied.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 26th day of July, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE